

SO ORDERED,

**Judge Katharine M. Samson**
United States Bankruptcy Judge
Date Signed: June 9, 2020

The Order of the Court is set forth below. The docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE: TRICIA L. JACKSON** | **CASE NO. 19-50593-KMS** |
| **DEBTOR** | **CHAPTER 7** |
| **KIMBERLY R. LENTZ,** as Chapter 7 Trustee for the Bankruptcy Estate of Tricia Jackson, Debtor | **PLAINTIFF** |
| **V.** | **ADV. PROC. NO. 19-06027-KMS** |
| **DONALD NORRIS ASSOCIATES PLLC d/b/a STONEPOINT LEGAL GROUP and DONALD P. NORRIS** | **DEFENDANTS** |

### OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter came on for hearing on the Motion to Dismiss, ECF No. 21, by defendant Donald P. Norris, with Response in opposition, ECF No. 24, by plaintiff Kimberly R. Lentz, chapter 7 trustee in the underlying bankruptcy case ("Trustee"). Norris is a Nevada attorney and the managing member of defendant Donald Norris Associates PLLC d/b/a Stonepoint Legal Group ("Stonepoint"). The Trustee has sued Stonepoint and Norris under several theories, all based on debtor Tricia Jackson's prepetition participation in Stonepoint's debt relief program ("Program").

The amended complaint ("Complaint") includes five counts that are core under, variously, 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O); and one count that is non-core. Because neither party

explicitly either consented or did not consent to the bankruptcy court's entry of final orders in non-core matters, their consent is implied. *See* Miss. Bankr. L.R. 7008-1, 7012-1 (providing that a party that fails to state in its pleading whether it consents to entry of final orders or judgment by the bankruptcy court has waived the right to contest the bankruptcy court's authority to enter final orders and judgment).

Norris moves for dismissal with prejudice on all counts, arguing that the Trustee's dispute is really with Stonepoint. Norris is correct that the Trustee fails to state a claim on which relief can be granted against Norris. *See* Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012). The Motion is therefore granted, although without prejudice.

## THE COMPLAINT

The Complaint pleads the following counts:

- Turnover of Estate Property under 11 U.S.C. § 542(e), in which the Trustee seeks turnover by "Defendants" of "any and all records . . . related to any and all aspects of the promised services." Compl. ¶¶ 31-36.

- Avoidance of Fraudulent Transfers under 11 U.S.C. §§ 544, 548, and 550 as to "Defendants." *Id.* ¶¶ 37-41.

- Accounting under 11 U.S.C. § 542 as to "Defendants." *Id.* ¶¶ 42-44.

- Return of all payments under 11 U.S.C. § 329 (Debtor's transaction with attorneys) as to "Defendants." *Id.* ¶¶ 45-50.

- Violation of 11 U.S.C. § 526 (restrictions on debt relief agencies) as to "Defendants." *Id.* ¶¶ 51-65.

- Unjust enrichment as to, by name, Norris and Stonepoint. *Id.* ¶¶ 66-72.

## THE STANDARD UNDER RULE 12(b)(6)

To defeat dismissal under Rule 12(b)(6), the plaintiff must plead enough facts to state a claim that is "plausible on its face." *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim that is facially plausible supports a reasonable inference that the defendant is liable for the alleged misconduct, not merely the inference that the defendant might have engaged in misconduct. *Id.* at 499 (citing 556 U.S. at 678-79).

The court accepts as true all well-pleaded facts and construes them in favor of the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Facts must be specific; "[c]onclusory allegations and unwarranted deductions of fact" are not taken as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Neither are "allegations stated upon information and belief that do not contain any factual support." *Lycoming Engines v. Superior Air Parts, Inc. (In re Superior Air Parts, Inc.)*, 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012); *see also Howard v. ABN AMRO Mortg. Grp., Inc.*, No. 1:13CV543-KS-MTP, 2014 WL 1237317, at *3 (S.D. Miss. Mar. 26, 2014) ("Plaintiff's 'speculative' belief that a contract exists . . . is not well taken.").

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If an allegation in the complaint conflicts with the contents of an attached document, the document controls. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

## FACTS ACCEPTED AS TRUE

The following facts are accepted as true:

Stonepoint is a Nevada professional limited liability company (PLLC). Compl. ¶ 6, ECF No. 16. Norris is Stonepoint's managing member and managing attorney. *Id.* ¶ 7. During the time of the events alleged in the Complaint, he managed Stonepoint and directed its business affairs. *Id.* ¶ 25.

In February 2018, Tricia Jackson was struggling with debt but did not want to file for bankruptcy. *Id.* ¶ 11. She received a letter from Stonepoint that included a phone number. *Id.* ¶ 12. She called the number and reviewed her debts with Stonepoint. *Id.* ¶ 13. The Program was explained to her, including that the Program would initially hurt her credit score but that Stonepoint would work on improving her credit. *Id.* ¶¶ 13-14. Jackson was told the Program would pay her most aggressive creditors first and that over time she would resolve her debts and rebuild her credit. *Id.* ¶ 15. Jackson was told that as part of the plan, she was to stop paying her creditors. *Id.* ¶ 17.

On February 14, 2018, Jackson signed Stonepoint's retainer agreement ("Agreement"). Norris Decl. Ex. A, ECF No. 21-2 at 18. The Agreement stated that attorneys directly supervised services they did not directly perform. *Id.* at 5. Nowhere did the Agreement name Norris in any role or capacity. *See id.* at 3-18.

According to the Agreement, Jackson would pay Stonepoint $1,129.01 per month for fifty-two months for estimated total payments of $58,708.30. *Id.* at 4. Also according to the Agreement, Jackson owed a total of $89,010 in unsecured debt. *Id.* Six weeks later, when she filed for bankruptcy, she listed $129,888.25 in unsecured debt. Compl. ¶ 24; *In re Jackson*, Case No. 19-50593-KMS, ECF No. 3 at 16 (Bankr. S.D. Miss. filed Mar. 29, 2019).

During her participation in the Program, Jackson was sued by one of the creditors she had enrolled in the Program. Compl. ¶ 22. Jackson sent the complaint to Stonepoint. *Id.* On March 29, 2019, Jackson reluctantly filed for chapter 7 bankruptcy. *Id.* ¶ 23.

The following facts are not accepted as true:

- All allegations against "Defendants" when applying them to Norris would be inconsistent with the Agreement, for example, that "Jackson paid approximately $13,000 to the Defendants," *id.* ¶ 21. *See Riley*, 355 F.3d at 377.

- The allegation that "upon information and belief," Norris received approximately $8000 from Stonepoint "as a result of the deceptive and unfair practices alleged herein." Compl. ¶¶ 21, 27, 34; *see In re Superior Air Parts, Inc.*, 486 B.R. at 741.

- All veil piercing and alter ego allegations, Compl. ¶¶ 6-10, which are "'naked assertion[s] of' wrongdoing devoid of 'further factual enhancement,'" *Howard*, 2014 WL 1237317, at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## CONCLUSIONS OF LAW

The first issue is choice of law. The Trustee asserts that Mississippi law applies. ECF No. 24 at 3. Norris asserts that Nevada law applies. ECF No. 28 at 3. "A choice of law inquiry traditionally occurs as a two step process. First, the [c]ourt must determine whether federal or state choice of law rules govern. Second . . . it must apply these rules to the facts of the case to determine the appropriate substantive laws." *Tow v. Rafizadeh (In re Cyrus II P'ship)*, 413 B.R. 609, 613 (Bankr. S.D. Tex. 2008).

But here, the choice of law question is a red herring. Because Stonepoint is a PLLC organized under the laws of Nevada, even under Mississippi law, Nevada law governs. *See* Miss.

5

Code Ann. § 79-29-1001(1) ("the laws of the state . . . under which a foreign limited liability company is organized govern . . . the liability of its members").

In Nevada, as in Mississippi, membership in or management of a PLLC, without more, does not support an action against the member individually. Nev. Rev. Stat. Ann. § 86.371; *Gardner v. Eighth Jud. Dist. Ct.*, 405 P.3d 651, 654 (Nev. 2017) (quoting 1 Larry E. Ribstein & Robert R. Keatinge, *Ribstein and Keatinge on Limited Liability Companies* § 1:6 (2016 ed.) ("LLC members do not lose their limited liability for participating in control of the business.")); *see also* Nev. Rev. Stat. Ann. §§ 86.381 ("A member of a limited-liability company is not a proper party to proceedings . . . against the company . . . ."), 89.030 (making LLC statutes applicable to PLLCs); *accord* Miss. Code Ann. § 79-29-311(1), -901 (making LLC statutes applicable to PLLCs). The PLLC does not, however, shield members from liability under laws that apply to the relationship between a person furnishing a professional service and the person receiving the service. Nev. Rev. Stat. Ann. § 89.060. It also does not shield members from liability for personal participation in a tort. *Grayson v. Jones*, 710 P.2d 76, 76-77 (Nev. 1985).

Under Nevada law, Norris has no liability to Jackson under any count of the Complaint merely as the managing member of Stonepoint. Further, no facts show that Norris himself furnished any professional service to Jackson or that Norris participated in any tort. Even if such facts had been alleged, no count in the Complaint requests relief under any law applying to the relationship between an attorney and client or to tortious conduct, *see Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (stating that "unjust enrichment" is modern counterpart of quasi-contract). The Complaint does not even allege any contact between Norris and Jackson. Consequently, the Complaint fails to state a claim against Norris.

## ORDER

The Motion to Dismiss is therefore **ORDERED GRANTED** without prejudice.

*##END##*